# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| DENNIS DUNNING, ) | |
| ) | |
| Petitioner, ) | |
| ) | Civil No. 16cv-03072-RED |
| v. ) | Crim. No. 09-03039-01-CR-W-RED |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C. § 2255

Petitioner Dennis Dunning, through undersigned counsel, respectfully moves this Court to vacate the judgment in this case and correct his sentence under 28 U.S.C. § 2255. On April 14, 2011, Judge Dorr sentenced Mr. Dunning as an armed career criminal under 18 U.S.C. § 924(e), often referred to as the Armed Career Criminal Act or ACCA, to 188 months imprisonment, concurrent to a number of undischarged state sentences, and five years of supervised release. In light of the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015), Mr. Dunning does not qualify as an armed career criminal. Accordingly, Mr. Dunning's sentence of 188 months is a *per se* illegal sentence that both exceeds the 10-year statutory maximum and violates due process of law.

Mr. Dunning respectfully requests that this Court grant this motion, vacate his current sentence, and order a resentencing hearing.

## STATEMENT OF FACTS

On December 3, 2010, Mr. Dunning pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). That offense generally carries a maximum term of ten years. *See* 18 U.S.C. § 922(g); 18 U.S.C. § 924(a)(2). The ACCA,

however, mandates a 15-year minimum sentence—and a maximum of life in prison—for a felon who has "three previous convictions … for a violent felony or for a serious drug offense." 18 U.S.C. § 924(e)(1).

Here, the presentence report found that Mr. Dunning had at least three qualifying prior convictions that triggered the ACCA enhancement. *See* PSR, at ¶ 31. As relevant here, the presentence report asserted that each of the following convictions qualifies as a "violent felony" under the ACCA: three counts of Missouri resisting arrest. Mr. Dunning also has a prior conviction for possession of marijuana with the intent to distribute, which is a serious drug offense.

Based on the ACCA enhancement, Mr. Dunning faced a statutory mandatory minimum sentence of 15 years and maximum of life. On April 14, 2011, the Court sentenced Mr. Dunning to 188 months in prison, and five years of supervised release, for the offense of felon in possession of a firearm. Without the ACCA enhancement, he faces a statutory maximum of 10 years or 120 months on each count, and three years of supervised release. 18 U.S.C. § 924(a)(2).

## BASIS FOR § 2255 RELIEF

**I.    Mr. Dunning is entitled to relief because his current sentence exceeds the statutory maximum and violates due process.**

Under 28 U.S.C. § 2255, a petitioner is entitled to a resentencing when his original sentence "was in excess of the maximum authorized by law" or "was imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). Mr. Dunning is entitled to relief on all these grounds. In light of *Johnson*, Mr. Dunning does not have three prior convictions that qualify as predicate offenses under the ACCA. His current ACCA sentence therefore exceeds the 10-year statutory maximum for a non-ACCA offense and violates due process.

2

A claim of this nature is cognizable under § 2255. In *United States v. Newbold*, the Fourth Circuit, for instance, granted § 2255 relief to a defendant whose original ACCA sentence was rendered invalid by a subsequent change in the law. 791 F.3d 455 (4th Cir. 2015). In doing so, the Court explained that "[s]uch circumstances, where 'a change in the law reduces the defendant's statutory maximum sentence below the imposed sentence, have long been cognizable on collateral review.'" *Id.* at 460 (quoting *Welch v. United States*, 604 F.3d 408, 412-413 (7th Cir. 2010)). As in *Newbold*, Mr. Dunning is entitled to § 2255 relief in this case

### A. The decision in *Johnson* applies retroactively on collateral review.

This motion is founded on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (June 26, 2015). The Court there declared the ACCA's residual clause "unconstitutionally vague," a holding that substantially narrows the type of prior convictions that trigger application of an ACCA sentence. 135 S. Ct. at 2557. Under the ACCA, a prior offense qualifies as a "violent felony" if it satisfies the following definition:

> (B) The term "violent felony" means any crime punishable by imprisonment for a term exceeding one year . . . that –
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2).

The final clause of § 924(e)(2)(B)(ii)—"otherwise involves conduct that presents a serious potential risk of physical injury to another"—is the "residual clause" addressed by *Johnson*. The Court concluded that "the indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair notice to defendants and invites arbitrary enforcement by

3

judges." *Id.* It therefore held that "imposing an increased sentence under the residual clause . . . violates the Constitution's guarantee of due process." *Id.* at 2563.

A Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin*, 542 U.S. 348, 351 (2004); *Miller v. United States*, 735 F.3d 141, 145 (4th Cir. 2013). *Johnson* satisfies both requirements.

First, the *Johnson* holding is "new" because it expressly overruled two prior decisions—*James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011)—that had affirmed sentences imposed under the residual clause. 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled."). That *Johnson* expressly overruled prior precedent demonstrates that the decision is "new." *See Teague v. Lane*, 489 U.S. 288, 301 (1989) ("[A] case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final.").

Second, the *Johnson* holding is "substantive" because it narrows the class of persons that the law can punish as armed career criminals. Under Supreme Court precedent, a decision is considered "substantive" if it "narrow[s] the scope of a criminal statute by interpreting its terms." *Schriro*, 542 U.S. at 351-52. A decision is also "substantive" if it "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense." *O'Dell v. Netherland*, 521 U.S. 151, 156 (1997) (citation and brackets omitted). Such decisions "apply retroactively because they necessarily carry a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him." *Schriro*, 542 U.S. at 352. Applying these standards, a decision that narrows the reach of the ACCA—as *Johnson* does by declaring one of its provisions unconstitutional—is "substantive." *See, e.g.*, *Welch*, 604 F.3d at 415 ("the application of the ACCA imposed, at a minimum, five years of imprisonment that the law otherwise could not
4
Case 6:16-cv-03072-BCW   Document 1   Filed 02/22/16   Page 4 of 6

impose upon him under his statute of conviction. Such an increase in punishment is certainly a substantive liability.").

The federal courts have consistently held that the Supreme Court's prior decisions narrowing the scope of the ACCA—*Begay v. United States*, 553 U.S. 137 (2008) and *Chambers v. United States*, 555 U.S. 122 (2009)—are substantive decisions that apply retroactively to cases on collateral review.[1] That conclusion applies with even more force to *Johnson* because it both narrowed the ACCA's reach by voiding the residual clause and expressly declared that "[i]ncreasing a defendant's sentence under the clause denies due process of law." 135 S. Ct. at 2557.

### B.     In light of *Johnson*, Mr. Dunning does not have three prior convictions that qualify as ACCA predicate offenses.

Mr. Dunning's prior conviction for Missouri resisting arrest by flight is not a violent felony. It does not have as an element the use, attempted use, or threatened use of physical force against the person of another. Nor is resisting arrest an offense enumerated within 18 U.S.C. § 924(e). Resisting arrest has been considered a violent felony only by application of the residual clause, which has been invalidated by the Supreme Court.

Mr. Dunning does not have three prior convictions which qualify as violent felonies under the ACCA. Therefore, he is no longer subject to the enhanced sentencing range that statute mandates.

### C.     This motion is timely under 28 U.S.C. § 2255(f)(1) and is not procedurally barred.

---

[1] *See, e.g., Bryant v. Warden, FCC Coleman-Medium*, 738 F.3d 1253, 1277-78 (11th Cir. 2013) (*Begay*); *Narvaez v. United States*, 674 F.3d 621, 623 (7th Cir. 2011) (*Begay* and *Chambers*); *Jones v. United States*. 689 F.3d 621, 625 (6th Cir. 2012) (*Begay*); *Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010) (*Begay*); *Lindsey v. United States*, 615 F.3d 998, 1000 (8th Cir. 2010) (*Begay)*; *United States v. Shipp*, 589 F.3d 1084, 1090 (10th Cir. 2009) (*Chambers*).

This motion is timely under 28 U.S.C. § 2255(f)(1), which establishes a one-year limitations period that runs from "the date on which the right asserted was initially recognized by the Supreme Court...." The Supreme Court's opinion in *United States v. Johnson* was entered on June 26, 2015. Mr. Dunning's motion is therefore timely filed.

**Conclusion**

Dennis Dunning is entitled to relief under § 2255 because, in light of *Johnson*, his sentence exceeds the statutory maximum and violates due process. This Court should vacate his erroneous ACCA sentence and schedule a new sentencing hearing so that he can be resentenced. Without application of the ACCA, Mr. Dunning faces a statutory maximum of 120 months. His applicable advisory guideline range will need to be determined by the Court prior to a resentencing hearing.

Respectfully submitted,

/s/ Laine Cardarella
Laine Cardarella
Federal Public Defender
818 Grand Avenue, Suite 300
Kansas City, Missouri 64106
(816) 471-8282

**CERTIFICATE OF SERVICE**

It is CERTIFIED that the foregoing was electronically filed on this 22nd day of February, 2016, and that a copy was e-mailed to all parties pursuant to the ECF system.

/s/ Laine Cardarella
Laine Cardarella
